UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

LIJIA COLLADO,

    Plaintiff,

v.

WHARTON-SMITH, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, LIJIA COLLADO ("Ms. Collado" or "Plaintiff") files this Complaint against Defendant, WHARTON-SMITH, INC., ("WS" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Seminole County, Florida, and this venue is therefore proper.

5. Defendant is located and doing business in Seminole County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that

employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

10. On or around September 17, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On September 20, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Collado worked for WS as an Accounting Specialist from February 13, 2017, until her termination on January 9, 2020.

16. Unfortunately, in late June of 2019, Ms. Collado was diagnosed with a disabling, serious health condition, specifically breast cancer.

17. In July of 2019, Ms. Collado disclosed her disabling, serious health condition to WS Director Stephanie Pompeo and to WS Manager Kimberly Hughes.

18. In response, WS failed to inform Ms. Collado of her rights and obligations under the FMLA, or engage Ms. Collado in the interactive process under the ADA, and instead directed her to use her PTO and/or short-term disability in order to treat and address her disabling, serious health condition.

19. From August 22, 2019, through September 6, 2019, and from September 12, 2019, through September 25, 2019, Ms. Collado utilized her PTO and also short term disability in order to prepare for, undergo, and recover from two (2) breast cancer surgeries in order to treat and address her disabling, serious health condition.

20. Upon her return to WS, WS retaliated against Ms. Collado by dumping extra work into Ms. Collado's lap but refused to provide her the training or staff support necessary to discharge her new, extra duties.

21. WS made Ms. Collado start handling vehicles, and distribute the mail, a task which she had graduated from prior to her taking time off for what should have been FMLA leave.

22. In November of 2019, Ms. Collado objected to Ms. Pompeo that WS's actions were discriminatory and retaliatory for her suffering from a disabling, serious health condition, and that she required reasonable accommodations.

23. On January 9, 2020, WS called Ms. Collado into its Human Resources Department and informed her that WS had decided to terminate her employment, effective immediately.

24. Defendant interfered with, and ultimately retaliated against, Ms. Collado because she suffered a serious health condition and because she availed herself to a period of FMLA leave, or what should have been FMLA leave, in order to treat and address same.

25. Defendant' conduct constitutes intentional interference and retaliation under the FMLA.

26. The timing of Plaintiff's use of protected FMLA leave, or what should have been FMLA leave, and Defendant' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

27. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

28. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Collado disclosing her serious health condition, and requiring time off to treat same.

29. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

30. In reality, Defendant' termination of Ms. Collado stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA, her objections to discrimination, and her recent use of protected FMLA leave, or what should have been protected FMLA leave.

31. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and FMLA, were intended to prevent.

32. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA and FCRA, her objections regarding disability discrimination, her engaging in protected activity under the FMLA, and her termination sufficiently clear.

33. Any reason provided by Defendant for its actions is a pretext for discrimination.

34. The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

35. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

36. Defendant were aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

37. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

38. Ms. Collado is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as an Accounting Specialist.

39. By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

40. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

41. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

42. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Collado based solely upon her disability.

43. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant' attitude toward the impairment.

47. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

50. Defendant did not have a good faith basis for its actions.

51. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 23, and 28 through 52, above.

54. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

55. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

56. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

58. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 23, and 28 through 52, above.

61. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

62. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

63. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 23, and 28 through 52, above.

68. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

69. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

70. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

71. Plaintiff's protected activity, and her termination, are causally related.

72. Defendant' stated reasons for Plaintiff's termination are a pretext.

73. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

77. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 23, and 28 through 52, above.

78. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

79. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

80. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

81. Plaintiff's protected activity, and her termination, are causally related.

82. Defendant' stated reasons for Plaintiff's termination are a pretext.

83. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

85. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## INTERFERENCE UNDER THE FMLA

87. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 35, and 50 through 52, above.

88. At all times relevant hereto, Plaintiff was protected by the FMLA.

89. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Ms. Collado to the same or substantially similar position she was in prior to using FMLA leave, or what should have been FMLA leave, and for failing to advise Ms. Collado of her rights and responsibilities under the FMLA.

90. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

91. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

92. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

93. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

94. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 9, 15 through 35, and 50 through 52, above.

95. At all times relevant hereto, Plaintiff was protected by the FMLA.

96. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave, and for objecting to retaliation.

97. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

98. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

99. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

100. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 16th day of December, 2021.

                                                  Respectfully Submitted,

                                                  By: */s/ Noah Storch*
                                                  Noah E. Storch, Esq.
                                                  Florida Bar No. 0085476
                                                  RICHARD CELLER LEGAL, P.A.
                                                  10368 W. SR 84, Suite 103
                                                  Davie, Florida 33324
                                                  Telephone: (866) 344-9243
                                                  Facsimile: (954) 337-2771
                                                  E-mail: noah@floridaovertimelawyer.com